# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KRIS K. AGRAWAL, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Case No. CIV-16-3-D |
| MELISSA M. HOUSTON, et al., | ) |
| Defendants. | ) |

## O R D E R

Plaintiff Kris Agrawal, appearing pro se and putatively on behalf of several entities, has filed a 107-page Amended Complaint that brings a host of allegations against numerous defendants, including Gov. Mary Fallin, Oklahoma County District Judge Barbara Swinton, Oklahoma Attorney General Scott Pruitt, the Oklahoma Department of Labor, as well as the United States Department of Interior. The Amended Complaint, as written, fails to comply with Fed. R. Civ. P. 8(a) for the reasons stated below.

Under Rule 8(a), a complaint must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Though complaints drafted by pro se litigants are given more leeway than those drafted by attorneys, they still must be coherent enough to allow for

an intelligent response. *Carpenter v. Williams*, 86 F.3d 1015, 1016 (10th Cir. 1996). And although the Court is required to construe Plaintiff's pleadings liberally, it does not "assume the role of advocate" and "should dismiss claims which are supported only by vague and conclusory allegations." *Northington v. Jackson*, 973 F.2d 1518, 1521 (10th Cir. 1992). Although some allowance is made for certain deficiencies, such as unfamiliarity with pleading requirements, failure to cite appropriate legal authority, and confusion of legal theories, *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005), "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Id.* Finally, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir.1997) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

Therefore, dismissal is proper under Rule 8 when a pro se complaint is unreasonably long, rambling, and otherwise filled with irrelevant material. *Mitchell v. City of Colo. Springs, Colo.*, 194 F. App'x 497, 498 (10th Cir. 2006) (unpublished) (affirming dismissal of complaint for being "verbose, prolix and virtually impossible to understand" and a "rambling, massive collection of facts . . . completely lacking in clarity and intelligibility"); *Ausherman v. Stump*, 643 F.2d 715, 716 (10th Cir.1981)

(holding that a "prolix" complaint that was a "rambling narration of the discord that developed between [the parties]" violated Rule 8(a)); *see also Firewood v. New Mexico's Bernalillo County Metropolitan Detention Ctr.*, 583 F. App'x 875, 876 (10th Cir. Nov. 26, 2014) (unpublished) ("[e]ven though we must construe the pro se brief liberally . . . we can scarcely identify, much less evaluate, the 'appellant's contentions and the reasons for them.'").

Here, Plaintiff's Complaint is so verbose, disjointed and otherwise unintelligible that its "true substance, if any, is well disguised." *In re Williams Sec. Litig.*, 339 F. Supp. 2d 1242, 1267 (N.D. Okla. 2003) (citations omitted); *Franke v. Midwestern Okla. Dev. Auth.*, 428 F.Supp. 719, 721 (W.D. Okla. 1976). As noted, the Complaint consists of 107 pages, many of which contain material that was apparently cut and pasted from other documents. As a result, the Court will dismiss the Amended Complaint without prejudice and grant Plaintiff leave to file a second amended complaint that complies with Rule 8(a). *See Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007) (affirming dismissal of 99-page complaint because "[i]n its sheer length, [plaintiff] has made her complaint unintelligible 'by scattering and concealing in a morass of irrelevancies the few allegations that matter'" (citation omitted)); *Schupper v. Edie*, 193 F. App'x 744, 746 (10th Cir. 2006) (unpublished) (affirming dismissal of 38-page complaint plus 120 pages of exhibits as "overly long" and

"prolix").

Plaintiff Agrawal is reminded that his pro se status does not excuse compliance with the Federal Rules of Civil Procedure, the Local Rules of this District, or the Court's Chambers Rules. *See McNeil v. United States*, 508 U.S. 106, 113 (1993)("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). Under the Local Rules, parties who are not natural persons may not appear pro se. *See* LCvR 17.1. This prohibition naturally includes the corporate entities identified as plaintiffs in the Amended Complaint. *Tal v. Hogan*, 453 F.3d 1244, 1254 (10th Cir. 2006) ("It has been our long-standing rule that a corporation must be represented by an attorney to appear in federal court.") (citations omitted). These companies must be represented by an attorney in order to proceed as plaintiffs in this lawsuit.

**IT IS THEREFORE ORDERED** that the Amended Complaint [Doc. No. 3] is **DISMISSED WITHOUT PREJUDICE**. Plaintiff, within **twenty-one (21) days** of this Order, shall file an amended complaint which (1) sets forth each allegation and the relief requested in simple, concise and direct statements, (2) clearly sets forth the basis for this Court's jurisdiction, and (3) clearly sets forth all relief sought against Defendants. An entry of appearance by counsel will also be required for the corporate

plaintiffs.

**IT IS FURTHER ORDERED** that if Plaintiff fails to fully comply with this Order, this action shall be dismissed without prejudice and without further notice to Plaintiff.

**IT IS SO ORDERED** this  29th  day of March, 2016.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE