# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

KRIS AGRAWAL, et al.,　　　　　)
　　　　　　　　　　　　　　　　)
　　　　Plaintiffs,　　　　　　　)
　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　)　　Case No. CIV-16-3-D
　　　　　　　　　　　　　　　　)
OKLAHOMA DEPARTMENT　　　　　　)
OF LABOR, et al.,　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　Defendants.　　　　　　　)

## ORDER

Before the Court is Defendants the Oklahoma Department of Labor (ODOL) and Lloyd Fields'[1] Motion to Dismiss [Doc. No. 9], to which Plaintiffs have responded [Doc. No. 11]. The matter is fully briefed and at issue.

## BACKGROUND

According to Plaintiffs' Second Amended Complaint,[2] Defendant Christopher Holland filed a wage claim against Plaintiff GEO Exploration, LLC

---

[1] Defendant Fields was Oklahoma Labor Commissioner during the relevant times involved in Plaintiffs' complaint. The current commissioner is Melissa McLawhorn Houston.

[2] Plaintiffs' First Amended Complaint was stricken by the Court as unreasonably long, verbose and virtually impossible to understand [Doc. No. 5]. Although Plaintiffs' Second Amended Complaint is entitled "Second Amended Complaint for Removal" [Doc. No. 7] and it states that "a Notice of Removal [was] filed," *see id.* at 1, this matter was originally filed in this Court and not removed from any state proceeding [Doc. Nos. 1, 3, and 7]. Plaintiffs are represented by counsel and are therefore not entitled to the deference accorded pro se plaintiffs. To this end,

before the ODOL. During the proceedings before the Administrative Law Judge (ALJ), Plaintiffs allege that although the ALJ permitted Holland to present his case, it refused to allow Agrawal to testify, thereby depriving him of protections under the Fifth and Fourteenth Amendments to the U.S. Constitution. Second Amend. Compl. at 2-3. Plaintiffs also contend that, despite GEO's pending bankruptcy, the ALJ found Holland was owed unpaid wages and entered judgment in his favor against Agrawal. Plaintiffs allege this ruling violated the "automatic stay" provisions of the Bankruptcy Code (11 U.S.C. § 362) *Id*. at 3.

Plaintiffs bring suit before this Court, alleging the judgment is void in light of the fact that (1) GEO was in bankruptcy, (2) Agrawal was not afforded an opportunity to be heard and defend his case, and (3) Agrawal was not Holland's "employer" for purposes of the wage statutes. *Id*. at 4. Alternatively, Plaintiffs seek that the Oklahoma Supreme Court certify two questions, namely, (1) whether the ALJ denied Agrawal the right to be heard and (2) whether an automatic stay was warranted under § 362. *Id*. at 5.[3]

---

counsel for plaintiffs is advised that membership in this bar presumes a working knowledge of the Federal Rules of Civil Procedure and the Local Rules of this Court. The Court will disregard the erroneous procedural reference under which Plaintiffs contend this case arises.

[3] This request, too, is puzzling. The Revised Uniform Certification of Questions of Law Act, 20 OKLA. STAT. § 1601 *et seq*., allows a court of last resort within the state to certify a question of law to the highest court of another state, a federally recognized Indian tribal government, Canada, a Canadian province or territory,

Defendants move to dismiss the complaint for failure to state a claim upon which relief can be granted and lack of subject matter jurisdiction. Specifically, Defendants contend Plaintiffs' complaint should be dismissed because (1) they are protected under the doctrine of sovereign immunity; (2) Plaintiffs' claims are barred by the *Rooker-Feldman* doctrine; (3) Plaintiffs' claims are precluded under the doctrines of res judicata and/or claim preclusion; (4) Plaintiffs have failed to state a claim against Fields in his individual capacity; and (5) Plaintiffs have failed to present proper issues for certification.

The Court finds that the *Rooker-Feldman* doctrine applies to the facts of this case. "Generally, the *Rooker-Feldman* doctrine precludes lower federal courts 'from effectively exercising appellate jurisdiction over claims actually decided by a state court and claims inextricably intertwined with a prior state-court judgment.'" *PJ ex rel. Jensen v. Wagner*, 603 F.3d 1182, 1193 (10th Cir. 2010) (citing *Mo's Express, LLC v. Sopkin*, 441 F.3d 1229, 1233 (10th Cir. 2006)). "The Supreme Court recently clarified the narrow scope of the *Rooker- Feldman* doctrine, stating that it is 'confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings

---

Mexico, or a Mexican state. *Id*. § 1601.2. It also allows a court of last resort within the state to answer a question so certified by said jurisdictions. *Id*. § 1602. It is unclear in the Second Amended Complaint the jurisdiction to which Plaintiffs request the questions be certified.

commenced and inviting district court review and rejection of those judgments.'" *Id.* (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). The doctrine applies to both claims that were brought and claims that could have been brought in the state court. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n. 16 (1983).

The Tenth Circuit approaches jurisdictional questions under the *Rooker-Feldman* doctrine "by asking whether the state-court judgment caused, actually and proximately, the injury for which the federal-court plaintiff seeks redress, paying close attention to the relief sought in the federal suit." *Mo's Express*, 441 F.3d at 1237 (citing *Kenmen Eng'g v. City of Union*, 314 F.3d 468, 476 (10th Cir. 2002)). In this regard, the Court has taken judicial notice of the underlying state court proceedings in this case, which are available on Westlaw and publically accessible through http://www.oscn.net.[4] The record shows that the ALJ's award was affirmed by the Oklahoma County District Court, which, in a reported decision, was affirmed by the Oklahoma Supreme Court in *Agrawal v. Oklahoma Dep't of Labor*, 2015 OK 67, 364 P.3d 618.

Based on its review of those proceedings, the Court finds that Plaintiffs unquestionably seek review and rejection of the Oklahoma Supreme Court's

---

[4] *See United States v. Pursley*, 577 F.3d 1204, 1214 n. 6 (10th Cir. 2009) (exercising court's discretion "to take judicial notice of publicly-filed records in [the] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand") (citation omitted).

4

decision affirming the ALJ's award of unpaid wages to Holland. There, as here, Plaintiffs disputed the validity of the wage claim and alleged error in the failure to allow them to present evidence at the administrative hearing. "If the decision of a state agency has been upheld by a state court, then the *Rooker-Feldman* doctrine applies, because a challenge to the agency's decision necessarily involves a challenge to the judgment of the state court." *Pretlow v. McPherson*, 497 F. App'x 846, 848 (10th Cir. 2012) (unpublished) (quoting *Narey v. Dean*, 32 F.3d 1521, 1525 (11th Cir. 1994)). Consequently, Plaintiffs' claims are barred by the *Rooker-Feldman* doctrine and the Court finds the Second Amended Complaint should be dismissed for lack of subject matter jurisdiction.

Even if the Court were to assume that *Rooker-Feldman* does not apply, Plaintiffs' claims would still be barred under the doctrines of res judicata and/or collateral estoppel. *See Kemper v. LPR Const. Co.*, 271 F. App'x 760, 762 (10th Cir. 2008) (unpublished) ("Attempts merely to seek relief denied in state court – to relitigate a state case – are properly dismissed on grounds of res judicata or collateral estoppel."); *Yancey v. Thomas*, 441 F. App'x 552, 557 (10th Cir. 2011) (unpublished) ("Under Oklahoma law, '[t]he principle of res judicata as claim preclusion teaches that a final judgment on the merits of an action precludes the parties from relitigating not only the adjudicated claim, but also any theories or

issues that were actually decided, or could have been decided, in that action.'") (citing *Read v. Read*, 2001 OK 87, ¶ 15, 57 P.3d 561, 567 n. 18).

Accordingly, Defendants' Motion to Dismiss [Doc. No. 9] is **GRANTED** as set forth herein.[5] Plaintiffs' Second Amended Complaint [Doc. No. 7] is hereby **DISMISSED** without prejudice. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is incapable of reaching a disposition on the merits of the underlying claims.") (citations omitted). A judgment shall be issued forthwith.

**IT IS SO ORDERED** this 15th day of December, 2016.

TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE

---

[5] Plaintiffs' alternative request for certification was directed to the Oklahoma Supreme Court. It is, therefore, not properly before the Court and the Court declines to consider it.